The bill of complaint seeks to set aside certain conveyances on the ground of fraud and to compel the defendants to convey to complainant certain lands in the Township of Stillwater, *Page 528 
Sussex County. The complainant is the divorced wife of the defendant Dominick Pappalardo.
The evidence discloses that in the year 1935, one Ottaviano conveyed a ten-acre tract of land in said Township to Marion Pappalardo, the complainant, then the wife of the defendant Dominick Pappalardo. The purchase price was paid by complainant from funds which she saved from weekly allowances given to her by her said husband. The land was conveyed to Mrs. Pappalardo at the direction of her husband. No title search was made.
In the year 1938, the Hart Iliff Companies, which held a judgment against Ottaviano recovered in 1931, levied on the premises in question and purchased them at the execution sale. The defendant Dominick Pappalardo then agreed with Hart Iliff Companies to repurchase the same. He did not tell his wife the facts concerning this purchase or disclose to her the consideration. He merely told her that he had "straightened everything out" with the Hart Iliff Companies. She thereupon, from time to time, gave her husband a number of checks totaling $200 which she believed was the amount necessary to redeem the property. When the Hart Iliff Companies' judgment had been satisfied, Dominick Pappalardo accepted a deed from the Hart 
Iliff Companies to himself as grantee. The complainant was not aware of the fact that the title was in his name until she read it in a newspaper. Thereupon she questioned her husband about the transaction and he made no reply.
Some time thereafter, Dominick negotiated with one Marvin to acquire a right of way over Marvin's lands. The consideration was nominal and was paid by the check of Mrs. Pappalardo. The deed, however, for the right of way was taken in the name of Solidad Yribar, the other defendant in this matter.
The placing of the title to the main tract in the name of the complainant was, I am satisfied, intended by the defendant Dominick as a gift to his wife. Such is the presumption of law and in the absence of definite, trustworthy and convincing proof of a contrary intention the presumption prevails. Strong v.Strong, 134 N.J. Eq. 513; affirmed, 136 N.J. Eq. *Page 529 103. The testimony of the defendant husband that he did not intend to make a gift to his wife does not meet the aforesaid standard.
The facts, as to the subsequent acquisition of the property by the husband, are different from those in the Strong Case as there was no direct and specific appointment of the husband as the agent of the wife. However, the husband undertook to act for his wife and the rationale of that case is applicable here. He was, in fact, acting as her agent when he took the conveyance in his own name and thereby perpetrated a fraud upon her.
As to the right of way, I am not inclined to disturb that transaction. By the terms of the original deed and the deed from Hart Iliff Companies, the grantors conveyed a right of way which is available to the complainant.
I will advise a decree in accordance with these views. *Page 530